B1 (Official Form 1) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

| **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle): **Lindsey, Patricia E.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN (if more than one, state all): **5912** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): **3555 E 106th St Apt 1 Chicago, IL**   ZIPCODE **60617-6623** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):   ZIPCODE |
| County of Residence or of the Principal Place of Business: **Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)   ZIPCODE | Mailing Address of Joint Debtor (if different from street address):   ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):   ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtor**
Country of debtor's center of main interests: _____

Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached

- [ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| | | | THIS SPACE IS FOR COURT USE ONLY |

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| B1 (Official Form 1) (04/13) | Page 2 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Lindsey, Patricia E.** |
|---|---|

### All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X */s/ Lorena Hernandez*            4/22/13<br><u>Signature of Attorney for Debtor(s)</u>            <u>Date</u> |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Lindsey, Patricia E.** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| **X** /s/ Patricia E. Lindsey<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Debtor                    **Patricia E. Lindsey**<br><br>**X** ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Joint Debtor<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Telephone Number (If not represented by attorney)<br>**April 22, 2013**<br>Date | **X** ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Foreign Representative<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Printed Name of Foreign Representative<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| **X** /s/ Lorena Hernandez<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Attorney for Debtor(s)<br><br>**Lorena Hernandez 6306160**<br>**Macey Bankruptcy Law**<br>**233 S Wacker Dr Ste 5150, Willis Tower**<br>**Chicago, IL  60606-6371**<br>**(312) 283-1592**<br>**LHernandez@maceybankruptcylaw.com**<br><br><br>**April 22, 2013**<br>Date<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Printed Name and title, if any,  of Bankruptcy Petition Preparer<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Address |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature of Authorized Individual<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Printed Name of Authorized Individual<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Title of Authorized Individual<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Date | **X** ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Signature<br><br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br>Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                          Case No. _____

**Lindsey, Patricia E.**                                        Chapter **7** _____
Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor: **/s/ Patricia E. Lindsey** _____

Date: **April 22, 2013** _____

**B6 Summary (Form 6 - Summary) (12/07)**

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                                        Case No. _____

**Lindsey, Patricia E.** _____        Chapter **7** _____
                                        Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 3 | $ 1,650.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $ 23,422.64 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 1,501.73 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 1,570.00 |
| | TOTAL | 15 | $ 1,650.00 | $ 23,422.64 | |

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                    Case No. _____

Lindsey, Patricia E. _____   Chapter **7** _____
                        Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| **TOTAL** | $ | **0.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | **1,501.73** |
| Average Expenses (from Schedule J, Line 18) | $ | **1,570.00** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **1,942.86** |

**State the following:**

| | | | | |
|---|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | | $ | **0.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | **0.00** | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | | $ | **0.00** |
| 4. Total from Schedule F | | | $ | **23,422.64** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ | **23,422.64** |

B6A (Official Form 6A) (12/07)

IN RE **Lindsey, Patricia E.** _____          Case No. _____
                    Debtor(s)                                                    (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | **TOTAL** | **0.00** | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

IN RE **Lindsey, Patricia E.**
_____
Debtor(s)    Case No. _____
(If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | **Landlord: $200, no current value to debtor** | | 0.00 |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Miscellaneous used household goods** | | 1,150.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Personal used clothing** | | 500.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Lindsey, Patricia E.**

Debtor(s)    Case No. _____

(If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Lindsey, Patricia E.** _____    Case No. _____
                                    Debtor(s)                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **1,650.00** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

B6C (Official Form 6C) (04/13)

IN RE **Lindsey, Patricia E.**                                                                    Case No. _____
            Debtor(s)                                                                                          (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:                    ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Miscellaneous used household goods** | **735 ILCS 5 §12-1001(b)** | **1,150.00** | **1,150.00** |
| **Personal used clothing** | **735 ILCS 5 §12-1001(a)** | **500.00** | **500.00** |

*\* Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

IN RE **Lindsey, Patricia E.** _____  Case No. _____
　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. _(See Instructions Above.)_ | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | Value $ | | | | | |

____**0**____ continuation sheets attached

Subtotal (Total of this page) $_____   $_____

Total (Use only on last page) $_____   $_____

(Report also on Summary of Schedules.)　　(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (09/13)

IN RE **Lindsey, Patricia E.**                                      Case No. _____
_____
            Debtor(s)                                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

B6F (Official Form 6F) (12/07)

IN RE Lindsey, Patricia E.                                              Case No. _____
_____
          Debtor(s)                                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **A006102838** <br> **ACL, Inc.** <br> **8901 W Lincoln Ave** <br> **Milwaukee, WI  53227-2409** | | | **Medical 01/31/2012** | | | | **212.90** |
| ACCOUNT NO. **213350358** <br> **Advocate-Trinity Hospital** <br> **PO Box 70173** <br> **Chicago, IL  60673-0173** | | | **Medical 06/06/2012** | | | | **150.00** |
| ACCOUNT NO. **213574379** <br> **Advocate-Trinity Hospital** <br> **PO Box 70173** <br> **Chicago, IL  60673-0173** | | | **Medical 08/14/2012** | | | | **600.00** |
| ACCOUNT NO. **8563** <br> **Bay Area Credit Service, LLC** <br> **1901 W 10th St** <br> **Antioch, CA  94509-1380** | | | **creditor** | | | | **349.74** |

_____**3**_____ continuation sheets attached

Subtotal
(Total of this page)  $ **1,312.64**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)  $

B6F (Official Form 6F) (12/07) - Cont.

**IN RE** Lindsey, Patricia E. _____    Case No. _____
                                  Debtor(s)                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5912**<br>**Capital One Auto Finance**<br>**3905 Dallas Pkwy**<br>**Plano, TX  75093-7892** | | | deficiency of repossessed vehicle | | | | 9,661.00 |
| ACCOUNT NO. **122680476**<br>**Cbe Group**<br>**1309 Technology Pkwy**<br>**Cedar Falls, IA  50613-6976** | | | Open account opened 6/1/2012 | | | | 314.00 |
| ACCOUNT NO. **5912**<br>**Charter One Bank Checking**<br>**575 RJM ACQ LLC**<br>**Syosset, NY  11791** | | | creditor | | | | 99.00 |
| ACCOUNT NO. **5912**<br>**Chase**<br>**800 Brooksedge Blvd**<br>**Westerville, OH  43081-2822** | | | creditor | | | | 2,772.00 |
| ACCOUNT NO. **1096**<br>**Comcast**<br>**13355 Noel Rd Ste 2100**<br>**Dallas, TX  75240-6837** | | | creditor | | | | 308.00 |
| ACCOUNT NO. **49163418**<br>**Credit Management Lp**<br>**4200 International Pkwy**<br>**Carrollton, TX  75007-1912** | | | Open account opened 2/1/2012 | | | | 233.00 |
| ACCOUNT NO. **4447961113650325**<br>**Credit One Bank**<br>**PO Box 98872**<br>**Las Vegas, NV  89193-8872** | | | Revolving account opened 10/1/2004 | | | | 964.00 |

Sheet no. ___**1**___ of ___**3**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **14,351.00**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

B6F (Official Form 6F) (12/07) - Cont.

**IN RE** Lindsey, Patricia E. _____   Case No. _____
           Debtor(s)                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> **Credit One Bank** <br> **PO Box 98873** <br> **Las Vegas, NV  89193-8873** | | | **Assignee or other notification for:** <br> **Credit One Bank** | | | | |
| ACCOUNT NO. 68378160 <br> **Enhanced Recovery Co L** <br> **8014 Bayberry Rd** <br> **Jacksonville, FL  32256-7412** | | | **Open account opened 10/1/2012** | | | | **296.00** |
| ACCOUNT NO. <br> **Enhanced Recovery Corp** <br> **Attention: Client Services** <br> **8014 Bayberry Rd** <br> **Jacksonville, FL  32256-7412** | | | **Assignee or other notification for:** <br> **Enhanced Recovery Co L** | | | | |
| ACCOUNT NO. **7071** <br> **GE Money Bank** <br> **PO Box 960061** <br> **Orlando, FL  32896-0061** | | | **creditor** | | | | **700.00** |
| ACCOUNT NO. **5912** <br> **HSBC Bank Nevada** <br> **PO Box 5253** <br> **Carol Stream, IL  60197-5253** | | | **creditor** | | | | **575.00** |
| ACCOUNT NO. 60188619 <br> **Ingalls Memorial Hospital** <br> **PO Box 5435** <br> **Carol Stream, IL  60197-5435** | | | **Medical 12/28/2011** | | | | **75.00** |
| ACCOUNT NO. 62297260 <br> **Ingalls Memorial Hospital** <br> **PO Box 5435** <br> **Carol Stream, IL  60197-5435** | | | **Medical 06/04/2012** | | | | **75.00** |

Sheet no. _____**2**___ of ___**3**___ continuation sheets attached to             Subtotal
Schedule of Creditors Holding Unsecured Nonpriority Claims     (Total of this page)  |$   **1,721.00**

                                         Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  |$

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Lindsey, Patricia E.** _____    Case No. _____
                           Debtor(s)                                                                (If known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
#### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **213004641** <br><br>**Medical Recovery Specialists** <br>**2250 E Devon Ave** <br>**Des Plaines, IL  60018-4511** | | | **Medical 02/21/2012** | | | | <br><br><br>75.00 |
| ACCOUNT NO. **A1207301090** <br><br>**Mercy Hospital & Medical Center** <br>**25739 Network Pl** <br>**Chicago, IL  60673-1257** | | | **Medical 03/24/2012** | | | | <br><br><br>429.00 |
| ACCOUNT NO. **4120613050156188** <br><br>**Merrick Bank** <br>**PO Box 9201** <br>**Old Bethpage, NY  11804-9001** | | | **Revolving account opened 5/1/2004** | | | | <br><br><br>1,680.00 |
| ACCOUNT NO. <br><br>**Merrick Bk** <br>**Attn: Bankruptcy** <br>**PO Box 9201** <br>**Old Bethpage, NY  11804-9001** | | | **Assignee or other notification for:** <br>**Merrick Bank** | | | | |
| ACCOUNT NO. **8504** <br><br>**MRSI** <br>**2250 E Devon Ave Ste 352** <br>**Des Plaines, IL  60018-4521** | | | **medical serivices** | | | | <br><br><br>1,184.00 |
| ACCOUNT NO. **PCC 120084** <br><br>**Pathology Consultants of Chicago** <br>**PO Box 88493** <br>**Chicago, IL  60680-1493** | | | **Medical 07/06/2012** | | | | <br><br><br>70.00 |
| ACCOUNT NO. **8350** <br><br>**Washington Mutual Bank** <br>**PO Box 99604** <br>**Arlington, TX  76096-9604** | | | **creditor** | | | | <br><br><br>2,600.00 |

Sheet no. ____ **3** of ____ **3** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | $ | **6,038.00** |
|---|---|---|---|
|  | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | **23,422.64** |

B6G (Official Form 6G) (12/07)

IN RE **Lindsey, Patricia E.** _____  Case No. _____
                    Debtor(s)                                    (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in
contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each
lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian,
such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

IN RE **Lindsey, Patricia E.** _____    Case No. _____
　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE H - CODEBTORS

　　　Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**B6I (Official Form 6I) (12/07)**

**IN RE** Lindsey, Patricia E. _____   Case No. _____
                     Debtor(s)                                                    (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Single** | RELATIONSHIP(S): | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Midline operator** | |
| Name of Employer | **Kelloggs Company** | |
| How long employed | **22 years** | |
| Address of Employer | **1 Kellogg Sq** | |
| | **Battle Creek, MI  49017-3534** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ | **2,296.11** | $ |
| 2. Estimated monthly overtime | $ | | $ |
| **3. SUBTOTAL** | $ | **2,296.11** | $ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and Social Security | $ | **686.10** | $ |
| b. Insurance | $ | **54.04** | $ |
| c. Union dues | $ | **40.17** | $ |
| d. Other (specify)   **United Fund** | $ | **3.55** | $ |
| **Union Due** | $ | **10.53** | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ | **794.38** | $ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ | **1,501.73** | $ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | | $ |
| 8. Income from real property | $ | | $ |
| 9. Interest and dividends | $ | | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | | $ |
| 11. Social Security or other government assistance (Specify) _____ | $ | | $ |
| _____ | $ | | $ |
| 12. Pension or retirement income | $ | | $ |
| 13. Other monthly income (Specify) _____ | $ | | $ |
| _____ | $ | | $ |
| _____ | $ | | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ | **1,501.73** | $ |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)   $ _____ **1,501.73**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

**B6J (Official Form 6J) (12/07)**

**IN RE** Lindsey, Patricia E.                                                                Case No. _____
                          Debtor(s)                                                                          (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 600.00 |
|   a. Are real estate taxes included?    Yes ____  No ✓ | | |
|   b. Is property insurance included?    Yes ____  No ✓ | | |
| 2. Utilities: | | |
|   a. Electricity and heating fuel | $ | 250.00 |
|   b. Water and sewer | $ | |
|   c. Telephone | $ | |
|   d. Other  **Other Utility** | $ | 100.00 |
| | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 80.00 |
| 7. Medical and dental expenses | $ | 20.00 |
| 8. Transportation (not including car payments) | $ | 120.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|   a. Homeowner's or renter's | $ | |
|   b. Life | $ | |
|   c. Health | $ | |
|   d. Auto | $ | |
|   e. Other | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|   (Specify) | $ | |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|   a. Auto | $ | |
|   b. Other | $ | |
| | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other | $ | |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.

$ 1,570.00

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|   a. Average monthly income from Line 15 of Schedule I | $ | 1,501.73 |
|   b. Average monthly expenses from Line 18 above | $ | 1,570.00 |
|   c. Monthly net income (a. minus b.) | $ | -68.27 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE <u>Lindsey, Patricia E.</u>                                                                          Case No. _____
                    Debtor(s)                                                                                        (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____17 sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date: **April 22, 2013** _____        Signature: **/s/ Patricia E. Lindsey** _____
                                                                      **Patricia E. Lindsey**                                         Debtor

Date: _____        Signature: _____
                                                                                                                                    (Joint Debtor, if any)
                                                                                              [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer                                                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:


*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date: _____        Signature: _____

                                                                      _____
                                                                      (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                        Case No. _____

**Lindsey, Patricia E.** _____    Chapter **7** _____

                                 Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

---

**1. Income from employment or operation of business**

None ☐ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 7,359.50 | 2013 year-to-date Employment income for Debtor - per pay advices |
| 21,348.00 | 2012 Employment income for Debtor - per tax transcripts |
| 22,797.00 | 2011 Employment Income for Debtor - per tax transcripts |

---

**2. Income other than from employment or operation of business**

None ☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| 4,267.00 | 2012 Unemployment income for Debtor - per tax transcripts |
| 8,474.00 | 2011 Unemployment income for Debtor - per tax transcritps |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None   *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other
☑   debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None   *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately
☑   preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None   *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors
☑   who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this
☑   bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is filed.)

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding
☑   the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to
☐   the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Capital One Auto Finance**<br>**3905 Dallas Pkwy**<br>**Plano, TX  75093-7892** | **2009** | **2005 Oldsmobile with unknown miles** |

**6. Assignments and receiverships**

None   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.
☑   (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the
☑   commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual
☑   gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Macey Bankruptcy Law** **233 S Wacker Dr Ste 5150, Willis Tower** **Chicago, IL  60606-6371** | **2013** | **$1,200 Attorney's Fees** **$41.20 Service/Facilitation fees for products and services outlined below** **$113.80 Reimbursable expenses for third-party products and services, which include: 3 Source Credit Report, Credit Counseling, Debtor Education Course, Tax Transcript Report, Automobile Loan Review, and Post-Discharge Dispute(s) of Consumer Liability Report** **$306 Filing Fee** |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None  If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☑ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued by
☑ the debtor within the **two years** immediately preceding the commencement of this case.

## 20. Inventories

None a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the
☑ dollar amount and basis of each inventory.

None b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
☑

## 21. Current Partners, Officers, Directors and Shareholders

None a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☑

None b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls,
☑ or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

None a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement
☑ of this case.

None b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately
☑ preceding the commencement of this case.

## 23. Withdrawals from a partnership or distributions by a corporation

None If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form,
☑ bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this
case.

## 24. Tax Consolidation Group

None If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax
☑ purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

## 25. Pension Funds.

None If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer,
☑ has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments
thereto and that they are true and correct.

Date: **April 22, 2013**                    Signature  ***/s/ Patricia E. Lindsey***
                                          of Debtor                                                    **Patricia E. Lindsey**

Date: _____        Signature  _____
                                          of Joint Debtor
                                          (if any)

_____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

B8 (Official Form 8) (12/08)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                    Case No. _____

Lindsey, Patricia E.                                                     Chapter **7** _____
_____
            Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for* **EACH** *debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered   ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered   ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt   ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____**April 22, 2013**_____        ***/s/ Patricia E. Lindsey***_____
                                              Signature of Debtor

                                              _____
                                              Signature of Joint Debtor

## United States Bankruptcy Court
## Northern District of Illinois

**IN RE:**                                                                 Case No. _____

**Lindsey, Patricia E.** _____   Chapter **7** _____
Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **1,200.00**

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **1,200.00**

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ **0.00**

2.  The source of the compensation paid to me was:  ☑ Debtor   ☐ Other (specify):

3.  The source of compensation to be paid to me is:  ☐ Debtor   ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]
    **Negotiations with secured creditors to reduce to market value; exemption planning as needed.**

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **Representation of the debtor(s) in any adversary proceedings.**

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

_____
**April 22, 2013**                          ***/s/ Lorena Hernandez***
Date

**Lorena Hernandez 6306160**
**Macey Bankruptcy Law**
**233 S Wacker Dr Ste 5150, Willis Tower**
**Chicago, IL  60606-6371**
**(312) 283-1592**
**LHernandez@maceybankruptcylaw.com**



# CONTRACT FOR BANKRUPTCY SERVICES

| EST. ASSET VALUE (EQUITY) | | EST. SECURED DEBTS | | NON-DISCHARGEABLE DEBTS | |
|---|---|---|---|---|---|
| Real Prop. | | Mtg. Arrears | | Taxes | 100 |
| Personal Prop. | | Mtg. Bal. | | Student Loans | |
| | | 2d Mtg. Arrears | | Gov't Fines | |
| EST. UNSECURED DEBT: | | 2d Mtg. Bal. | | Child Support | |
| | | Veh. #1 Bal. | | NSF | |
| 15k | | Veh. #2 Bal. | | Other: | |
| | | Other Secured | | | |

**NOTICE:** This Agreement contains provisions requiring **arbitration** of fee disputes. Before you sign the agreement you should consider consulting with another lawyer about the advisability of making an agreement with **mandatory arbitration** requirements. Arbitration proceedings are ways to resolve disputes without the use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you **give up your right to go to court to resolve these disputes by a judge or jury.** These are important rights that should not be given up without careful consideration.

**I. PARTIES & PURPOSE:** This is an agreement for legal services entered into on the date shown below between Macey Bankruptcy Law, P.C, or one of its wholly owned subsidiaries (hereinafter "MBL") and the individual (or married couple) assigned to the record number indicated below (hereinafter "Client") relating to legal services in relation to bankruptcy and debt relief. The contract is solely between MBL, any assigns, heirs, or related entities that may be formed in the future and not any individual, partner, member, or employee of MBL. MBL is a debt relief agency and law firm that files bankruptcy cases on behalf of its clients. **MBL DOES NOT REPRESENT CLIENTS IN DEFENSE OF COLLECTION SUITS.**

**II. CLIENT OBLIGATIONS:** MBL reserves the right to withdraw or terminate the representation in the event Client does not meet his/her obligations.

• **Active Participation and Communication.** Client agrees to actively participate and communicate with any and all MBL staff during the duration of the bankruptcy case. This includes immediately providing updated contact information and any changes to Client's financial situation including, but not limited to, any state court hearing dates or foreclosure sale notices. Client's signature on this Contract shall be authorization for MBL to file a bankruptcy petition for Client via the Bankruptcy Court's electronic filing system and all other subsequent filings through the Bankruptcy Court's electronic filing system. Client agrees to receive documents and/or correspondence from MBL via either email or first class mail. Client agrees that MBL can contact Client at any reasonable time in MBL's sole discretion via email, text message, telephone, or postal mail.

• **Payment of Attorney Fees and Costs/Arbitration.** Client agrees to pay all attorney fees and costs as disclosed herein in a timely manner and that fees and costs, as disclosed must be paid BEFORE the case is filed with the bankruptcy court. MBL only represents Client and Client controls the representation even if the fee is paid by a third-party. MBL and Client expressly agree to resolve fee disputes via Arbitration (see Section IX).

The "flat fee" for representation in a **Chapter 7** case is $_____. This fee is a nonrefundable "advance payment retainer." In a Chapter 7 case, Client agrees to pay all fees and costs prior to the filing of the bankruptcy case with the bankruptcy clerk's office. Client acknowledges that Client will not have the protection of the Automatic Stay in Bankruptcy pursuant to 11 U.S.C. § 362 until the bankruptcy case is filed. **There may be additional fees charged by MBL for delays** caused by the Client, including Client's failure to pay fees in a timely manner, and failure to timely provide information and/or paperwork. Client expressly agrees that funds paid will be deposited in MBL's operating account and are the property of MBL. The flat fee for representation in a **Chapter 13** case is $_____ plus costs. MBL agrees to file the client's Chapter 13 case with the court for the payment of $_____ and will accept the balance from Client's Chapter 13 payments. Any estimated chapter 13 monthly payment is **subject to change and MBL does not guarantee a particular chapter 13 payment.** In addition, there is a court filing fee totaling $_____ (subject to change without notice) and **optional document retrieval and financial counseling facilitation** totaling $_____ (subject to change without notice). Client expressly agrees that chapter 7 and chapter 13 fees paid are an advance payment retainer and not a security retainer and such arrangement is an express condition of MBL's willingness to handle the case. An advance payment retainer is appropriate because work is being performed from the moment the firm is hired and continues throughout the relationship, even if a case is never filed with the court. In Chapter 13, the fixed flat fees and advance payment retainer are for pre-filing and pre-confirmation work. All fees paid are the property of the attorney and will be deposited into MBL's operating account and are **earned upon receipt,** subject to refund only as provided in Section IV. Though the fee is fixed, in chapter 13's MBL may apply to the court for additional fees, paid through the chapter 13 plan if there are extraordinary circumstances, such as extended evidentiary hearings, contested adversary proceedings, or appeals. See Section III for further details. Advance payment of costs may be held in a safe deposit box, a locked safe, a trust account, or any other secure place in MBL's sole discretion until incurred and used to reimburse MBL for payment. _____ **Client Initials**

Dishonored payments incur a fee of $25 + any additional fees and costs incurred by MBL as a result of dishonored or stopped payments. Failure to pay can result in MBL closing the file and terminating the attorney-client relationship (see Section IV). In the event Client's chapter 13 is dismissed prior to full payment of attorney fees, Client agrees and expressly authorizes the chapter 13 trustee to pay any money held to MBL for payment of the balance owed. Client agrees that MBL may retain counsel to collect any balances due and will be responsible for payment of any reasonable collection costs and fees, not less than $400. Client authorizes the collection of any additional fees from the chapter 13 trustee (if applicable). Client expressly agrees that **fees tendered to MBL by personal check may be converted and processed as ACH transactions.** MBL agrees to pursue third parties who may be liable for payment of fees, but failure of MBL to collect from third parties does not relieve Client of responsibility for payment. Client agrees that non-basic services are billed at the firm's customary hourly rate as described in Section IV. Billable hourly rates are subject to change. Some non-basic services may be provided at a flat fee rate, as agreed between the parties (see Section III).

• **Full Disclosure.** Client agrees to truthfully, completely and accurately disclose **all** assets and their value, liabilities and their amount, income, and expenses to MBL and on any and all bankruptcy paperwork. In addition, client agrees to accurately answer any and all questions posed by MBL and/or a representative or agent of the United States Trustee or as otherwise provided by law.

• **Provide Documentation & Follow Instructions.** Client agrees to provide copies of any and all documentation requested by MBL in a timely and organized manner. Client expressly acknowledges and agrees that MBL has duties to the Court that require MBL to reasonably seek documentary evidence that supports Client's factual contentions before MBL can sign off and file bankruptcy paperwork with the court. Such documentation includes, but is not limited to: pay advices for the six month time period before the filing of the bankruptcy case (client acknowledges that since the case is not filed immediately upon the signing of this contract that the six month time period changes as time passes), tax returns, property appraisals, recorded deeds (if applicable), recorded mortgages (if applicable), non-filing spouse's (or household member's) pay advices, and any other relevant information directly or indirectly related to the client's financial condition. Client further agrees that he/she will read and follow all Instructions provided to Client and incorporated by reference and made a part of this Contract for services.

**III. LAW FIRM OBLIGATIONS:**

• **Use Best Efforts:** In consideration of Client's obligations as stated in Section III, MBL agrees to use its best efforts to obtain a satisfactory result for Client by providing basic legal services in connection with a bankruptcy case on an efficient and cost-effective basis. Client expressly agrees that MBL **makes no guarantee regarding the outcome of the bankruptcy case,** including but not limited to, ability and qualification for filing chapter 7 or chapter 13 bankruptcy, successful discharge of any particular debt, the amount of a chapter 13 plan payment, and/or whether or not MBL can successfully reduce the balance of secured liens. MBL offers its advice based on the information as disclosed by Client and Client agrees that MBL is not responsible and assumes no liability for changes in the law, changes in Client's financial situation, and/or facts as revealed after review of documentation that could affect in any way any advice MBL gives Client.

• **Staffing:** MBL structures its practice as a **group practice.** MBL does not guarantee any minimum level of participation in a case by any individual employee, member, attorney, paralegal, or partner of the firm. Multiple attorneys and staff may work on various aspects of the case as assigned by MBL in its sole discretion in compliance with all applicable rules of professional conduct. MBL expects to perform the bulk of the work, but reserves the right to utilize other attorneys, paralegals, and litigation/clerical assistants where appropriate. In addition, Client authorizes MBL, at its discretion, to have attorneys within the firm, or outside counsel, review client's file to explore other potential causes of action client may have.

• **Provide Basic Bankruptcy Services:** MBL, in consideration for Client's obligations as stated in Section III, agrees to provide basic legal services as required to file either a Chapter 7 or Chapter 13 Bankruptcy case, the Chapter determined as mutually agreed and indicated below. Basic legal services include, but are not limited to: pre-filing verification of bankruptcy representation; post-filing and pre-discharge contact with creditors; pre-filing advice and counsel to Client; advice during the case concerning the nature and effect of the applicable bankruptcy rules, including up to 15 telephone calls or 4 additional in-person meetings; exemption advice and planning; preparation and filing of a bankruptcy petition; preparation and filing of schedules and statements as required by bankruptcy statutes, rules, local rules, and any applicable standing orders of courts of competent jurisdiction; representation at the meeting of creditors pursuant to §341 of the Bankruptcy Code; representation at

any confirmation hearings pursuant to §1324 (if applicable); settling valuation disputes prior to confirmation in Chapter 13, submitting information pursuant to requests from the trustee, objecting to claims, preparing amendations and responses to motions; reviewing trustee's final report and related matters; preparing, reviewing, executing or objecting to reaffirmation agreements pursuant to 11 U.S.C. §524; and other regular and customary services not specified in this agreement or adding additional terms as may be described in Section VIII, if applicable. Client expressly agrees that in Chapter 7, MBL will not file the bankruptcy petition and schedules with the court until all fees and costs have been paid in full. In Chapter 13, MBL will not file the bankruptcy petition and schedules with the court until the agreed pre-filing portion of the fees and all costs have been paid in full. In addition, MBL will not file the bankruptcy case with the court until all required documentation has been provided, all required documents are timely signed, reviewed, and verified.

Client further agrees that the above-described fees cover basic services only. There may be **additional fees for non-basic services** in addition to those disclosed above. Subject to the applicability of any local rules, standing orders, or additional contracts, non-basic services for which additional fees may apply include, but are not limited to: Adversary proceedings pursuant to 11 U.S.C. §523 or §727; **excessive phone calls (more than 15) or in-person consultations (more than 4); motions to dismiss** for client's failure to attend court hearings or failure to provide requested documentation; **actions to enforce the automatic stay** pursuant to 11 U.S.C. §362; **actions to enforce the discharge injunction; Rule 2004 Examinations; depositions; interrogatories** or other discovery proceedings; **contested objections to confirmation of a Chapter 13 plan; amended creditor schedules** (typically $150 in chapter 7 + $26 filing fee in all chapters, subject to change); **amended asset and/or income/expense schedules** due to Client's failure to provide full disclosure; **document retrieval services; facilitation** of credit counseling and/or financial management courses; **post-discharge** services; **appraisal** services; **contested matters; rescheduled §341 meetings** because of Client's failure to appear at a scheduled meeting (typically $150 in chapter 7); **motions to avoid liens** (typically $250 per motion); **proceedings to strip mortgages when applicable; and motions for redemption** pursuant to 11 U.S.C. §722 (typically $600); **conversion** of a case from one chapter to another (requires an additional in-person meeting and results in additional reasonable fees and costs as mutually agreed); and/or proceedings to **reopen** a closed case for any reason.

**IV. TERMINATION OF SERVICES (Refund Policy):** The parties may terminate services at any time. Termination of services by Client must be in writing. MBL may terminate services for failure of Client to fulfill any of Client's contractual obligations as identified in Section II of this agreement. In either event, Client may be entitled to a refund of part of the nonrefundable fee based upon *quantum meruit*. The factors considered include: time spent, including time spent answering telephone calls, processing, organizing, and responding to any correspondence; case status; case progress; and the amount of work remaining to complete the case. Analysis of time is calculated in tenths of an hour increments, rounded up to the next tenth of an hour. Attorney time is worth $250-$450 per hour depending on the experience of the attorney performing the service. Non-attorney professional time is worth $75 per hour. Hourly rates are subject to periodic review and revision. MBL will also consider the progress of the case when determining a reasonable refund. It is impossible to determine a fair refund until a detailed analysis is performed on a case-by-case basis. By way of example, it is expected that a chapter 7 typically requires from 3-5 hours of attorney time and a chapter 13 typically from 10-12 hours of attorney time. Generally, by way of example, in a chapter 7, 20-25% of the **total flat fee** would be earned and retained upon the delivery of post-consultation instructions, file set-up, case conceptualization and advice, and the process of closing the file. Another 40-50% of the total fee would be earned between the time of the consultation and the preparation of the bankruptcy petition and schedules based on servicing the file, telephone calls and handling other correspondence. An additional 10-15% of the total fee would be earned upon drafting the petition and schedules for client review and comment. An additional 15-20% of the total fee would be earned upon the final review with client of the paperwork and the filing of the case. The last 15-20% of the total fee would be earned upon handling post-filing matters. In Chapter 13, these estimates would be adjusted as post-filing, pre-confirmation matters account for roughly 25-30% of the work in a case. Refunds, if any, will be sent to Client at Client's last known address within a reasonable amount of time. In the event Client is deceased or incapacitated, or if the fee was paid by a third party, refunds, if any, are the property of the Client and will only be released to the Client or an authorized representative of the Client's estate. In the event Client terminates services after a bankruptcy case has been filed, MBL is given a reasonable time to file withdrawal and/or substitution of counsel documents with the clerk of court. MBL expressly reserves the right to enforce a previous award of fees and to seek payment of any outstanding balance of legal fees. The parties expressly agree that MBL's representation automatically terminates upon the closing of the case by the Clerk of Court. Client expressly agrees that MBL is authorized to contact Client in the future, even after the conclusion of this case via mail, telephone, electronic mail or text message regarding any future MBL products and/or services.

**V. LIMITED POWER OF ATTORNEY:** Client expressly agrees that signature on this contract grants MBL a Limited Power of Attorney for the purposes of carrying out the bankruptcy representation. Such power includes, but is not limited to, the power to obtain Client's tax returns or transcripts from either the IRS or any person or entity consulted in regards to tax preparation; the ability to obtain information and discuss Client's situation with any of Client's secured creditors; and in the event the bankruptcy is dismissed or converted prior to completion, MBL may apply funds on hand with the Chapter 13 trustee that would otherwise be forwarded to Client towards the balance owed MBL, if any, and/or the Chapter 7 fee, if applicable, by granting MBL the right to endorse Client's name upon checks from the trustee. MBL will provide an accounting of all funds received from the trustee and applied.

**VI. RETENTION AND DISPOSITION OF RECORDS:** MBL will retain records as required by applicable law in your state, generally at least (5) years. MBL reserves the right to store records electronically. MBL encourages Client to keep and maintain copies of all bankruptcy related matters. Client may request a copy of the file by sending a written request. MBL reserves the right to charge a reasonable retrieval and duplication fee of at least $35.

**VII. RECEIPT OF MANDATORY NOTICE AND DISCLOSURE:** The Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 requires MBL to provide mandatory notices/disclosures to Client. Your signature on this contract is an acknowledgement that Client has received, read and understood the two (2) separate documents entitled "§527(a) Notice," and "Important Information About Bankruptcy Assistance Services From an Attorney or Bankruptcy Petition Preparer."

**VIII. ENTIRE AGREEMENT:** The entire contract between the Parties is contained in this instrument. Parties agree to all of the terms and conditions set forth herein and acknowledge that they have read and understand this Agreement. In the event Client is filing a case in a jurisdiction where the local bankruptcy court has adopted any rule, procedure or general order regarding the relationship between the Attorney and the Client, then such rule, procedure, Court Order, "Rights & Responsibilities Agreement," or "Model Retention Agreement" and its corresponding rights and obligations is specifically incorporated by reference into this Agreement, is made a part hereof as additional terms, and both parties understand they must comply with its terms which supercede and control all provisions of this contract. Client signature on this document serves as an acknowledgement and agreement by Client that Client has been informed of such a rule, procedure, Order, "Rights and Responsibilities Agreement," or "Model Retention Agreement" and has agreed to be bound by its additional terms and conditions. In the event provisions of this Agreement contradict with the provisions in any Rule, Procedure, Court Order, "Rights & Responsibilities Agreement," and/or "Model Retention Agreement" the provisions of the Rule, Procedure, Court Order, "Rights & Responsibilities Agreement," or "Model Retention Agreement' would control.

**IX. BINDING ARBITRATION:** In the event of any controversy, claim or dispute between the parties arising out of or relating to this agreement or the breach, termination, enforcement, interpretation, unconscionability or validity thereof, including the termination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in the county and state in which the consumer resides at the time of the agreement, in accordance with the laws of the state of consumer's residence at the time of the agreement, or agreements to be made in and to be performed in the state of the consumer's residence. The parties agree, the arbitration shall be administered by the American Arbitration Association ("AAA") pursuant to its rules and procedures and an arbitrator shall be selected by the AAA. The arbitrator shall be neutral and independent and shall comply with the AAA code of ethics. The award rendered by the arbitrator shall be final and shall not be subject to vacation or modification. Judgment on the award made by the arbitrator may be entered in any court having jurisdiction over the parties. If either party fails to comply with the arbitrator's award, the injured party may petition the circuit court for enforcement. The parties agree that either party may bring claims against the other only in his/her or its individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties agree that the arbitrator may not consolidate proceedings of more than one person's claims, and may not otherwise preside over any form of representative or class proceeding. The parties shall share the cost of arbitration, including attorneys' fees, equally. If the consumer's share of the cost is greater than $1,000.00 (One-thousand dollars), MBL will pay the consumer's share of costs in excess of that amount. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fees for having to compel arbitration or defend or enforce the award. Binding Arbitration means that both parties give up the right to a trial by jury. It also means that both parties give up the right to appeal from the arbitrator's ruling except for a narrow range of issues that can or may be appealed. It also means that discovery may be severely limited by the arbitrator. This section and arbitration requirement shall survive any termination.

**X. SEVERABILITY:** In the event any provision of this agreement is found to be unenforceable for any reason by a court of competent jurisdiction, only the offending clause shall be stricken from the agreement and the remainder of the agreement shall remain in full force and effect.

I/We hereby agree to and acknowledge all of the terms above and I/we retain and authorize MBL to file a bankruptcy on my/our behalf:

**CHAPTER 7 / CHAPTER 13**  (circle one)

X _Patricia   Lindsy_ ___    DATE _9-25-2012_

Debtor

RECORD # _2901783_

BY: _____

X _____    DATE _____

Joint Debtor

Attorney on behalf of MBL

Rev. 9/11



## LIMITED POWER OF ATTORNEY & AGREEMENT
## TO OBTAIN DOCUMENTS

**I. PURPOSE:** This Agreement is entered into between the below listed individuals, hereinafter referred to as "CLIENT" and Macey Bankruptcy Law, hereinafter referred to as "MBL." The purpose of this Agreement is to facilitate acquiring information needed to analyze Client's financial situation, to complete certain schedules and statements required pursuant to Title 11, United States Code, Section 101, et. al. and the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, to perform an automobile loan review, to pursue post-bankruptcy discharge disputes with the credit reporting bureaus, to provide post-discharge budget coaching, and to provide access to a Tax Advice Hotline. This Agreement is governed by the terms herein and the terms contained in the attached Products Fee Disclosure and the Attorney-Client Contract, both of which are incorporated by reference and made a part of this Agreement.

**II. LIMITED POWER OF ATTORNEY:** I hereby grant to MBL this Limited Power of Attorney for the limited purposes of obtaining and reviewing the information as described in the Products Fee Disclosure and to perform an Automobile Loan Review. I hereby further grant this Limited Power of Attorney for purposes of reviewing my credit report(s) post-filing preparation of letters by either MBL or CIN Legal on my behalf to dispute information on my credit reports. It is understood and agreed that MBL shall obtain and use this information for the purposes of analyzing my financial situation in relation to filing for bankruptcy, for the purposes of saving me money on any financed vehicle I may have, or to dispute information reported to my credit reporting bureaus. This Limited Power of Attorney shall expire upon the latest of the following events: discharge, dismissal, completion of credit reporting disputes, or termination of services as provided in paragraph V of the Attorney-Client Contract. I also agree that my attorneys may provide my contact information to third party vendors that provide other relevant legal and financial products and/or services and I authorize these companies to contact me directly in order to follow-up on any of the products or services, if necessary.

**III. CLIENT RESPONSIBILITIES:** I hereby expressly agree to complete the following **4** steps before MBL orders products.

1) Sign the Consumer Request & Agreement for Consumer Liability Report (CLR) form;
2) Sign the IRS Form 4506-T;
3) Sign the Products Fee Disclosure; AND
4) Pay the required fees as disclosed in the Attorney-Client Contract and the Fee Disclosure.

**IV. MACEY BANKRUPTCY LAW RESPONSIBILITIES:** Once Client has completed the responsibilities under paragraph three (III) of this Agreement, MBL shall obtain the products described in the Fee Disclosure on behalf of Client.

**V. ENTIRE AGREEMENT & SEVERABILITY:** The entire Agreement between the parties is contained in this instrument, except as otherwise indicated. In the event any portion of this Agreement is found by a court of competent jurisdiction to violate any state or federal law or regulation, that portion of the Agreement shall be deemed stricken and the remaining portion of the Agreement shall remain in force and effect. The parties agree to all of the portions of this Agreement as set forth herein and acknowledge that they have read and understand the Agreement.

_____          _____
Client                                    Date

_____          _____
Client                                    Record #

By: _____ (Attorney)

# PRODUCTS FEE DISCLOSURE & WARRANTY DISCLAIMER

## Optional Services

| Products | Macey Bankruptcy Law Cost | Document Retrieval and Facilitation Fee | Total Cost to Client |
|---|---|---|---|
| Credit counseling | $40.00 | $10.00 | $50.00*** |
| Debtor education course | $40.00 | $10.00 | $50.00*** |
| Legal & Vesting Title Report for real estate | $20.00 | $20.00 | $40.00*** |
| Lien Search Title Report for real estate | $55.00 | $30.00 | $85.00*** |
| 3 Source Individual Credit Report/12 mos. Credit Monitoring* | $33.80 | $21.20 | $55.00*** |
| 3 Source Joint Credit Report/12 mos. Credit Monitoring* | $53.80 | $21.20 | $75.00*** |
| Tax Transcript Report (four years must be ordered to receive this price) | $20.00 | $20.00 | $40.00*** |
| Tax Transcript Report (each individual year) | $13.25 for 1st yr. + $2.25 per each additional yr. requested | $5.00 per year requested | $18.25 for 1st yr. and $7.25 per each additional yr. requested*** |
| Automated Real Estate Property Valuations | $17.00 | $18.00 | $35.00*** |
| Broker Price Opinion for real estate** | $85.00 | $35.00 | $120.00*** |
| Automobile Loan Review | Free! | Free! | Free! |
| Automobile Valuations | $0.50 | $4.50 | $5.00*** |
| Post-Discharge Review(s) of Consumer Liability Report | $25.00 | $100.00 | $125.00*** |
| Post-Bankruptcy Budget Coaching & Identity Monitoring by CLC | $28.60 | $15.40 | $44.00*** |
| Post Filing Tax Advice Hotline by Tax Rite, Inc. | $9.95 | $10.00 | $19.95*** |

*Credit Reports:  Warning: On June 4, 2004, a new federal law went into effect that prevents credit reporting bureaus from listing the names of medical providers on credit reports.  Thus, if you are expecting to get a credit report to obtain the names of any medical providers, it won't work!  The credit reporting bureau will list as a collection agent.  But, you will have to contact the collection agent directly to get the provider's information.  Macey Bankruptcy Law  will not be responsible for any omission of such creditors or the costs involved in adding creditors or amending a bankruptcy as a result of this new legislation. **Broker Price Opinions: Broker price opinions are obtained by a real estate professional familiar with the real estate market where your property(s) exist(s).  They may or may not need to perform a physical inspection of the property(s).  Broker price opinions are not included in package pricing and are available on an as-needed basis to keep your costs as low as possible.  The extra cost should this service be needed is disclosed. ***Prices subject to change without notice.  Costs by vendor are also subject to change without notice.  In the event costs change, Macey Bankruptcy Law  will use its best efforts to retain the original total price to avoid inconveniencing the client.  This may change the amount of the handling/processing fee retained by the law firm.   Costs and handling/processing fees are non-refundable once ordered on your behalf by the law firm.

**DISCLAIMER OF WARRANTIES:** YOU EXPRESSLY UNDERSTAND AND AGREE THAT:  ANY INFORMATION OBTAINED ON YOUR BEHALF IS AT YOUR SOLE RISK.  ALL INFORMATION OBTAINED ON YOUR BEHALF IS PROVIDED SOLELY ON AN "AS-IS/AS-AVAILABLE" BASIS.  TO THE EXTENT PERMITTED BY APPLICABLE LAW, MACEY BANKRUPTCY LAW EXPRESSLY DISCLAIMS ALL WARRANTIES OF ANY KIND, WHETHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES AND CONDITIONS OF MERCHANTABILITY, SATISFACTORY QUALITY, FITNESS FOR A PARTICULAR PURPOSE OR USE AND NON-INFRINGEMENT.

WITHOUT LIMITING THE ABOVE PARAGRAPH, MACEY BANKRUPTCY LAW  MAKES NO REPRESENTATION OR WARRANTY THAT (i) THE CONTENT AND SERVICE OBTAINED WILL MEET YOUR REQUIREMENTS, (ii) THE RESULTS THAT MAY BE OBTAINED FROM THE INFORMATION PROVIDED WILL BE ACCURATE OR RELIABLE, OR (iii) THE QUALITY OF ANY PRODUCTS, SERVICES, INFORMATION, OR MATERIAL PURCHASED OR OBTAINED BY YOU THROUGH  MACEY BANKRUPTCY LAW IS ACCURATE OR WILL MEET YOUR EXPECTATIONS.  MACEY BANKRUPTCY LAW DOES NOT GUARANTY THE ACCURACY OR COMPLETENESS OF ANY INFORMATION OBTAINED.  **NO WRITTEN OR ORAL INFORMATION OBTAINED BY YOU FROM US OR THROUGH US SHALL CREATE ANY WARRANTY NOT EXPRESSLY STATED HEREIN.**

I, _____ and _____, do hereby acknowledge that all costs and fees associated with Macey Bankruptcy Law obtaining the above described products on my behalf have been disclosed to me.  I further expressly agree to the Disclaimer of Warranties.

Signed _Patricia Lindsey_____   Date: _9-25-2012__

Signed_____   Date:_____

B201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1167 filing fee, $46 administrative fee: Total fee $1213)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

**IN RE:**                                                      Case No. _____

**Lindsey, Patricia E.** _____    Chapter **7** _____
                              Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____        Social Security number (If the bankruptcy
Printed Name and title, if any, of Bankruptcy Petition Preparer    petition preparer is not an individual, state
Address:                                                 the Social Security number of the officer,
_____        principal, responsible person, or partner of
                                                         the bankruptcy petition preparer.)
_____        (Required by 11 U.S.C. § 110.)
**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Lindsey, Patricia E.** _____    **X** */s/ Patricia E. Lindsey* _____    **4/22/2013**
Printed Name(s) of Debtor(s)                             Signature of Debtor                     Date

Case No. (if known) _____    **X** _____
                                                         Signature of Joint Debtor (if any)           Date

_____

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

**United States Bankruptcy Court**
**Northern District of Illinois**

**IN RE:**                                                    Case No. _____

Lindsey, Patricia E. _____   Chapter **7** _____
                        Debtor(s)

### VERIFICATION OF CREDITOR MATRIX

                                        Number of Creditors _____ **23**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.


Date: **April 22, 2013** _____   */s/ Patricia E. Lindsey* _____
                                        Debtor


                                        _____

                                        Joint Debtor

ACL, Inc.
8901 W Lincoln Ave
Milwaukee, WI  53227-2409


Advocate-Trinity Hospital
PO Box 70173
Chicago, IL  60673-0173


Bay Area Credit Service, LLC
1901 W 10th St
Antioch, CA  94509-1380


Capital One Auto Finance
3905 Dallas Pkwy
Plano, TX  75093-7892


Cbe Group
1309 Technology Pkwy
Cedar Falls, IA  50613-6976


Charter One Bank Checking
575 RJM ACQ LLC
Syosset, NY  11791


Chase
800 Brooksedge Blvd
Westerville, OH  43081-2822

Comcast
13355 Noel Rd Ste 2100
Dallas, TX  75240-6837


Credit Management Lp
4200 International Pkwy
Carrollton, TX  75007-1912


Credit One Bank
PO Box 98872
Las Vegas, NV  89193-8872


Credit One Bank
PO Box 98873
Las Vegas, NV  89193-8873


Enhanced Recovery Co L
8014 Bayberry Rd
Jacksonville, FL  32256-7412


Enhanced Recovery Corp
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL  32256-7412


GE Money Bank
PO Box 960061
Orlando, FL  32896-0061

HSBC Bank Nevada
PO Box 5253
Carol Stream, IL  60197-5253


Ingalls Memorial Hospital
PO Box 5435
Carol Stream, IL  60197-5435


Medical Recovery Specialists
2250 E Devon Ave
Des Plaines, IL  60018-4511


Mercy Hospital & Medical Center
25739 Network Pl
Chicago, IL  60673-1257


Merrick Bank
PO Box 9201
Old Bethpage, NY  11804-9001


Merrick Bk
Attn: Bankruptcy
PO Box 9201
Old Bethpage, NY  11804-9001


MRSI
2250 E Devon Ave Ste 352
Des Plaines, IL  60018-4521

```
Pathology Consultants of Chicago
PO Box 88493
Chicago, IL  60680-1493


Washington Mutual Bank
PO Box 99604
Arlington, TX  76096-9604
```